**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR. NO. 1:09-CR-0356-01 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| KAYODE KASSIM | : | |

## DEFENDANT'S SENTENCING MEMORANDUM

## INTRODUCTION

Defendant Kayode Kassim ("Kassim") was indicted, along with his three co-defendants, on one count of conspiracy to commit mail fraud, wire fraud, and money laundering, in violation of 18 U.S.C. § 371; fifteen counts of mail fraud, in violation of 18 U.S.C. § 1341; seventeen counts of wire fraud in violation of 18 U.S.C. § 1343; and fifteen counts of laundering of monetary instruments, in violation of 18 U.S.C. § 1956(a)(2). Kassim pleaded guilty to counts 1 and 2 of the indictment, which are conspiracy to commit mail fraud, wire fraud, and money laundering, and one count of mail fraud. Kassim provided substantial assistance to the government in this matter, and it is anticipated that the government will make a motion for downward departure on that ground. Kassim now appears before the Court for sentencing, and raises two objections to the Advisory Guideline calculation, in addition to asking the Court to impose the lowest possible incarcerative sentence.

The ultimate goal in sentencing is for the Court to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in 18 U.S.C. § 3553(a)(2). In determining the appropriate sentence for this individual, the Court must first calculate the Sentencing Guidelines range, and then evaluate the statutory sentencing factors in

18 U.S.C. § 3553(a), "explaining any variance from the former by reference to the latter."  *See*

*Nelson v. United States*, 555 U.S. 350 (2009); *United States v. Gunter*, 462 F.3d 237, 247 (3rd

Cir. 2006).   The Court may depart from the Guidelines range, either pursuant to the Guidelines

themselves or by imposing a non-Guidelines sentence, and must set forth its reasons for that

departure.  *See Gall v. United* States; 552 U.S. 38, 49 (2007); *Rita v. United States*, 551 U.S.

338, 350 (2007).  In conducting this analysis, the Court may not presume the Guidelines range to

apply or to be reasonable.  *See Nelson*, 555 U.S. at 350; *Rita*, 551 U.S. at 351.

## I.

## ADVISORY SENTENCING GUIDELINE RANGE

The Presentence Report ("PSR") calculates an advisory range of 168 to 210 months,

based on an offense level of 34 and a Criminal History Category II.  (PSR ¶¶ 67, 68.)  The

offense level computation includes a base offense level of 33, and two two-level increases, for a

total increase of four levels.  (PSR ¶¶ 34, 35, 36.)  The offense level also includes a three-level

adjustment for acceptance of responsibility.  (PSR ¶ 42.)

Kassim does not object to the calculation of the base offense level calculation, and

obviously agrees with the adjustment for acceptance of responsibility.  However, Kassim has

stated objections to the two two-level increases, and he explains the bases for his objections here.

### A.      Objection to the Two-Level Increase for Money Laundering Conviction

The PSR recommends a two-level increase pursuant to U.S.S.G. § 2S1.1(b)(2)(B).  This

increase applies if the defendant was convicted under 18 U.S.C. § 1956.  Kassim was not

convicted under 18 U.S.C. § 1956.  Instead, Kassim pleaded guilty to conspiracy to commit mail

fraud, wire fraud, and money laundering, in violation of 18 U.S.C. § 371, and one count of mail

fraud, in violation of 18 U.S.C. § 1341.  Accordingly, without further analysis, it appears that this two-level increase does not apply.

In the Addendum to the Presentence Report, the Probation Officer asserts that Application Note 6 of U.S.S.G. § 1B1.3 addresses the issue raised by Kassim's objection.  The application note states that when a guideline includes "an express direction to apply a particular factor only if the defendant was convicted of a particular statute, [it] includes the determination of the offense level where the defendant was convicted of conspiracy, attempt, solicitation, aiding or abetting, accessory after the fact, or misprision of felony in respect of that particular statute."  Thus, this application note does indicate that a conviction for conspiracy to commit money laundering should have the same effect as a conviction for money laundering for purposes of determining the specific offense characteristic in U.S.S.G. § 2S1.1(b)(2)(B).

The application notes in the Sentencing Guidelines are accorded "controlling weight" unless the commentary violates the U.S. Constitution, a federal statute, or "is plainly erroneous or inconsistent with the regulation."  *See, e.g., United States v. Lianidis*, 599 F.3d 273, 278 (3rd Cir. 2010) (*quoting Stinson v. United States*, 508 U.S. 36, 45 (1993)).  Kassim contends that Application Note 6 should not be accorded "controlling weight" because it is plainly erroneous. The application note is erroneous because it conflicts with the plain language in U.S.S.G. § 2S1.1(b)(2)(B) itself, which requires a conviction for money laundering.  There is no mention of conspiracy to commit money laundering in the guideline provision.  The application notes to U.S.S.G. § 2S1.1(b)(2)(B) also do not reference a conspiracy conviction.  In fact, the only application note that references provision (b)(2)(B) is application note 3(C), which provides that the enhancement does not apply when the defendant is convicted of a conspiracy under 18

U.S.C. § 1956(h).  Accordingly, there is no language in the guideline provision itself or the application notes to the  guideline provision that indicate that a conspiracy to commit money laundering triggers the application of this guideline.[1]

The only indication that  a conspiracy to commit money laundering triggers the application of this enhancement is found in an application note to one of the general application principles (§1B1.3).  Thus, in order to determine that this application note applies to the guideline provision, it is necessary to refer back from the offense conduct provisions to the general application provisions.[2]  This cross-referencing is contrary to the application instructions in the guidelines. *See, generally,* U.S.S.G. § 1B1.1.  The application instructions provide that the guidelines in the sentencing manual are applied in a particular order.  The first step is to determine the offense guideline section from Chapter Two (Offense Conduct) pursuant to §1B1.2 (Applicable Guidelines).  This step involves reference to §1B1.3 (Relevant Conduct).  However, when that step is completed, then the second step is to determine the base offense level and any relevant specific offense characteristics, etc.  *See* U.S.S.G. § 1B1.1(a)(1), (2).

Here, the first step was correctly completed because the offense level was correctly determined pursuant to § 3D1.3(a).  (See PSR ¶¶ 32, 33.)  And then, at the second step, the base offense level was correctly determined under § 2S1.1(a)(1) and § 2B1.1.  Also at the second step, the specific offense characteristics are addressed in § 2S1.1(b).  But, in determining the specific

---

[1]This is a significant oversight because the inchoate crime of conspiracy is a separate and distinct crime from the substantive offense.  *See, e.g., Salinas v. United States*, 522 U.S. 52, 65 (1997).

[2]There is no explicit reference to Application Note 6 to U.S.S.G. § 1B1.3 found anywhere in U.S.S.G. § 2S1.1.

offense characteristics, it is not appropriate to refer back or rely upon § 1B1.3 (Relevant Conduct) because that analysis is to be completed at step one.  Thus, consistent with the application instructions in § 1B1.1, the specific offense characteristics should be determined by reference to the guidelines in Chapter Two, without reference to the guidelines in Chapter One.  See U.S.S.G. § 1B1.1(a)(2).  As a result, it is inappropriate to rely upon an application note in Chapter One to determine the applicability of a sentencing enhancement in Chapter Two at step two of the application process.  Nonetheless, that is what is recommended here in the PSR.

More fundamentally, it is unfair to enhance Kassim's sentence based on a fiction.  The reality is that Kassim pleaded guilty to conspiracy to commit mail fraud, wire fraud, and money laundering.  Kassim did not plead guilty to the substantive offense of money laundering, and the government has not proved that he is guilty of that offense.  Adding two offense levels based on the fiction that Kassim has been convicted of a crime that he has not is fundamentally unfair.

**B.**     **Objection to the Two-Level Increase for Sophisticated Laundering**

The PSR recommends a two-level increase pursuant to U.S.S.G. § 2S1.1(b)(3).  This increase applies if two conditions are met: (A) subsection (b)(2)(B) applies; and (B) the offense involved sophisticated laundering.  As discussed in the previous section of this Memorandum, the first condition is not satisfied.  Kassim also contends that the second condition is not satisfied.

The second condition is not satisfied because Kassim's conduct does not rise to the level of "sophisticated laundering."  Application Note 3(A) provides that for purposes of provision (b)(3), "sophisticated laundering" means "complex or intricate offense conduct pertaining to the execution or concealment of the 18 U.S.C. § 1956 offense."  The application note provides a

non-exhaustive list of the types of methods typically involved:

(i)      fictitious entities;

(ii)     shell corporations;

(iii)    two or more levels (i.e. layering) of transactions, transportation, transfers, or transmissions, involving criminally derived funds that were intended to appear legitimate; or

(iv)    offshore accounts.

Kassim's conduct does not meet this definition because he has not pleaded guilty to the execution or concealment of the money laundering offense.  The only conduct which he has admitted by pleading guilty is conspiring to commit money laundering.  He has not admitted and the government has not proved that he personally committed the crime of money laundering. This is essentially the same argument asserted in the previous section of this Memorandum.

Even if the Court disagrees with the previous argument, however, Kassim's conduct still does not meet this definition.  Kassim did not utilize any fictitious entities or shell corporations, nor did he personally layer any transactions.  Kassim did not transfer any funds to or from any offshore accounts.  Other conspirators, and in particular James Ugoh, may have utilized offshore accounts and some of these other methods of laundering money, but there is no evidence that has been provided in this case that Kassim personally engaged in any of these practices.

In the Addendum to the PSR, the Probation Officer describes certain conduct in support of the application of this enhancement.  The only conduct in that description actually engaged in by Kassim personally is issuing checks in blank, and depositing the checks into his legitimate bank accounts.  (PSR ¶¶ 19, 20.)  The redistribution of the fraud proceeds to offshore accounts,

6

however, was completed by co-defendant Ugoh.  (PSR ¶ 13, 21.)  In any event, even the conduct admittedly engaged in by Kassim does not rise to the level of "sophisticated laundering" by reference to the list provided in Application Note 5(A), and the enhancement does not apply.

This enhancement does not apply for the additional reason that the conduct at issue was already taken into account.  Application Note 5(B) states that if subsection (b)(3) applies, "and the conduct that forms the basis for an enhancement under the guideline applicable to the underlying offense is the only conduct that forms the basis for application of (b)(3) of this guideline, do not apply subsection (b)(3) of this guideline."  This is essentially a rule against double-counting of the same conduct for sentencing purposes.

The PSR recommends an enhancement under the guideline applicable to the underlying offense, pursuant to § 2B1.1(b)(10)(B) and (C), because "a substantial part of a fraudulent scheme was committed from outside of the United States, and the offense otherwise involved sophisticated means."  (PSR ¶ 34.)  Guideline § 2B1.1(b)(10)(C) provides that a two-level increase applies if the offense involved sophisticated means.  Application Note 8(B) defines "sophisticated means" with nearly identical language to the "sophisticated laundering" definition, stating that it means " especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense."  Accordingly, to the extent the Court finds that Kassim used "sophisticated means" to launder money, this conduct has already been taken into account in determining that a two-level enhancement applies in calculating the underlying offense level.  As a result, this same conduct can not be counted again to impose yet another two-level enhancement for "sophisticated laundering" under § 2S1.1(b)(3).

C.     **The Correct Offense Level is 30**

Kassim contends that the correct offense level is 30.  That is the base offense level for the underlying offense, which is 33, reduced by three levels for acceptance of responsibility. Kassim understands that the United States will be making a motion for downward departure based on his substantial cooperation, which is entirely appropriate in this case due to Kassim's extensive cooperation with the investigating agents.  The government has also promised in the plea agreement to recommend the minimum prison term within the applicable guideline range. (Plea Agreement ¶ 13.)

## II.

## LOCATION OF INCARCERATION

Kassim has a son and other loved ones who live on the East Coast of the United States. As a result, he requests that the Court recommend to the Bureau of Prisons that he be incarcerated in a prison located somewhere on the East Coast.

## III.

## CREDIT FOR TIME SERVED

The Addendum to the PSR correctly states that Kassim was in custody in Canada from January 28, 2009, until March 12, 2009, on charges closely related to the United States case. Kassim was taken into custody in Canada again on November 18, 2010, pending extradition to the United States.  He remained in custody in Canada until May 25, 2011, until he was transferred to U.S. Custody.  He has remained in U.S. custody since May 26, 2011.  Kassim is requesting credit for all of this time, which is a total of 512 days as of the date of sentencing.

## IV.

## <u>CONCLUSION</u>

For the foregoing reasons, Kassim respectfully submits that a sentence that is sufficient, but not greater than necessary to effectuate the sentencing policy goals of 18 U.S.C. § 3553, is the minimum sentence in the guideline range calculated by the Court, and he requests that this Honorable Court sentence him accordingly.

Respectfully submitted,

s/Jennifer P. Wilson
Jennifer P. Wilson, Esquire
PA 209893
PHILPOTT WILSON LLP
227 N. High St., P.O. Box 116
Duncannon, PA 17020
717-834-3087 - Phone
717-834-5437 - Fax
jenniferphilpottwilson@gmail.com

Attorney for Defendant Kassim

February 17, 2012

## CERTIFICATE OF SERVICE

AND NOW, this 17th day of February, 2012, the undersigned certifies that she is a

person of suitable age and discretion to be competent to serve papers.  The undersigned further

certifies that she served a copy of the foregoing document upon the following person by

electronically filing the document with the United States District Court for the Middle District of

Pennsylvania, thus causing the below recipients to receive a copy at the below e-mail addresses:

>    Kim Daniel, Esq.
>    Assistant United States Attorney
>    kim.daniel@usdoj.gov

>                                                    Respectfully submitted,
>
>                                                    s/Jennifer P. Wilson
>                                                    Jennifer P. Wilson, Esquire
>                                                    PA 209893
>                                                    PHILPOTT WILSON LLP
>                                                    227 N. High St., P.O. Box 116
>                                                    Duncannon, PA 17020
>                                                    717-834-3087 - Phone
>                                                    717-834-5437 - Fax
>                                                    jenniferphilpottwilson@gmail.com
>
>                                                    Attorney for Defendant Kassim

February 17, 2012