PJS:KDD:nl

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **DOCKET NO. 1:09-CR-00356-01** |
| v. | : | |
| | : | **(J. RAMBO)** |
| **KAYODE KASSIM,** | : | |
| Defendant. | : | **(ELECTRONICALLY FILED)** |

## GOVERNMENT'S 5K1.1 MOTION FOR DOWNWARD DEPARTURE

AND NOW, comes the United States of America, by its undersigned counsel, who moves pursuant to Section 5K1.1 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553, for a downward departure from the defendant's otherwise applicable sentencing guideline range in light of the defendant's substantial assistance to law enforcement.  In support thereof, your petitioner sets forth the following:

1. On August 4, 2011, the above captioned defendant, **KAYODE KASSIM**, appeared before this Court and entered a guilty plea to Count 1 of his Indictment, which charged him with Conspiracy to commit Mail Fraud, Wire Fraud and Money Laundering in violation of Title 18, United States

Code, Section 371, and Count 2 of his Indictment, which charged him with Mail Fraud, 18 U.S.C. § 1341.  The charges were based upon the defendant's involvement in a scheme to launder the multi-million dollar proceeds of international telemarketing frauds through MoneyGram outlets while UGOH operated 12 MoneyGram agencies in the greater Toronto, Canada area between 2004 and 2009 .

2.  The defendant entered his guilty plea pursuant to the terms of a plea agreement with the United States.  That plea agreement specified the amount of loss in the case was $3.1 million and required the defendant to cooperate with the government.  In return the government agreed to recommend the low end of the defendant's applicable advisory guidleline range.  The Agreement also specified that if the defendant provided substantial assistance to law enforcement, the government could, in it's discretion, move for a downward departure from the defendant's otherwise applicable sentencing guideline range at the time of sentencing.

3. Following the entry of the defendant's guilty plea a presentence report was prepared. The Report concluded the defendant has a Criminal History Category of **II,** his Offense Level is **34**, and his advisory incarceration guideline range is **168-210 months**.  However, the addendum

2

to the Report reveals there are outstanding defense objections to the Report that could affect Kassim's final advisory guideline range.

4.  Section 5K1.1 of the United States Sentencing Guidelines provides the Court may depart from the guidelines upon motion of the government stating the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense.

5.  While the United States concurs in the guideline calculations set forth in the Presentence Report, the United States believes a modest downward departure is warranted in this case in light of the defendant's substantial assistance to law enforcement.

6.  In determining whether a sentence reduction is appropriate, the Court must consider a number of factors specified in Section 5K1.1 of the Sentencing Guidelines including, but not limited to the following:

   1) the significance and usefulness of the defendant's assistance;

   2) the truthfulness, completeness, and reliability of the defendant's information;

   3) the nature and extent of the defendant's assistance;

   4) any injury suffered or danger or risk of injury to the defendant or others as a result of the defendant's assistance; and

5) the timeliness of the defendant's cooperation.

7. With respect to these factors, in <u>United States v. Torres</u>, 251 F.3d 138 (3rd Cir. 2001), the United States Court of Appeals instructed this Court to conduct a qualitative case-by-case analysis of Section 5K1.1's five enumerated factors, and any other factors the Court deems relevant, in making an assessment regarding the nature and scope of any sentencing departure. The Court of Appeals went on to state that the District Court should make specific findings regarding each of these factors and conduct an individualized examination of the defendant's assistance.

8. As an aid to the Court in conducting this individualized assessment required by law, the United States proffers the following with respect to the relevant factors under Section 5K1.1:

A. Nature of the Cooperation:

*Kayode Kassim agreed to cooperate shortly after he was extradited to the United State. Kassim signed his cooperation based plea agreement on July 12, 2011. Since then Kassim has been debriefed several times by the Postal Inspectors.*

*In his statements Kassim has corroborated Felix Mordi and Abel Ogunfunwa with respect to James Ugoh being the leader of the complicit agent/check pooling activity. Kassim stated that at Ugoh's direction, he collected money transfer checks from various agents, and delivered same to Ugoh without a payee name written on the checks. Later that day, or the next, Ugoh handed Kassim the checks designated for deposit to the Klazz*

4

*Beauty Supply or KC Money Transfer accounts. The remaining money transfer checks were presumably distributed to co-defendant Mordi, or others, for deposit. Ugoh instructed Kassim to utilize the fraud proceeds on deposit to purchase Bank of Montreal drafts payable to Money Spot. Ugoh dictated the amount of the draft. Ugoh paid Kassim 3% to collect, deposit and convert the money transfer checks to drafts payable to Money Spot (Ugoh's company) .*

*In addition to candid corroborated statements, Kassim volunteered information that likely would have remained unknown without his cooperation. Kassim also signed a waiver that permits Postal Inspectors to gather Canadian bank records previously unavailable in the United States. The bank records provide direct evidence of the participation of other fraudsters and complicit MoneyGram agents in Toronto and Montreal.*

*The MDPA plans to seek an Indictment against two money launderers identified by Kassim. It is also believed that Kassim's information may lead to additional indictments in the MDPA. Absent Kassim's cooperation, it is unlikely that these investigations would have been initiated.*

      B.  Significance of the Cooperation:

*The investigators believe the cooperation provided by the defendant was significant and may result in the prosecution of others or assist in the successful prosecution of others.*

      C.  Reliability of the Information Provided:

*The investigators believe the information provided by the defendant was credible and reliable.*

      D.  Danger to the Defendant:

*The risk to the defendant's personal safety in this case was, in the investigators' opinion, largely unknown. Nonetheless, danger to one's person can never be completely ruled out in any investigation of this nature.*

E.  Timeliness of Cooperation:

*The defendant began cooperating with the government shortly after he was extradited to the United States.  Thus, the defendant's cooperation came at a fairly early stage in the proceedings.*

9.  In this case, it is submitted the defendant's cooperation, as described above, constitutes substantial assistance warranting a sentencing departure.  Accordingly, the United States recommends the court depart downward **by approximately 35% from the low end of KASSIM's final advisory guideline range.**

WHEREFORE, on the basis of the above, the United States respectfully requests the Court downwardly depart from the defendant's otherwise applicable sentencing guideline range as recommended by this memorandum.

Respectfully submitted,

PETER J. SMITH
United States Attorney

 /s/ Kim Douglas Daniel
Kim Douglas Daniel
Assistant U.S. Attorney
Attorney I.D. P.A. 31038
P.O. Box 11754
Harrisburg, Pennsylvania 17108

                                          (717) 221-4482
                                        (717) 221-4493
                                        kim.daniel@usdoj.gov

Dated:  February 22, 2012

PJS:KDD:nl

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 1:09-CR-00356-01 |
| | : | |
| v. | : | |
| | : | (J. RAMBO) |
| KAYODE KASSIM, | : | |
| | : | |
| Defendant. | : | (ELECTRONICALLY FILED) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 22nd day of February, 2012, she served a copy of the attached

### GOVERNMENT'S 5K1.1 MOTION FOR DOWNWARD DEPARTURE

by electronic filing to the person hereinafter named:

Jennifer P. Wilson, Esquire
**PHILPOTT WILSON LLP**
jenniferphilpottwilson@gmail.com

 s/ Naomi Losch
Naomi Losch
Legal Assistant